UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMETRICS, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>TODD BLALOCK,<br><br>               Defendant. | Case No. 14-cv-06161-EAW |

### LUMETRICS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: May 19, 2014

                                          Andrew P. Zappia
                                          Richard A. McGuirk
                                          **LECLAIRRYAN, A Professional Corporation**
                                          70 Linden Oaks, Suite 210
                                          Rochester, New York 14625
                                          Tel:  (585) 270-2100
                                          Fax: (585) 270-2179
                                          Andrew.Zappia@leclairryan.com
                                          Richard.McGuirk@leclairryan.com

                                          Of Counsel:
                                          William J. McNichol, Jr. (pro hac vice pending)
                                          Roy D. Prather III
                                          **REED SMITH LLP**
                                          1717 Arch Street, Suite 3100
                                          Philadelphia, PA 19103
                                          Tel: 215-241-7950
                                          Fax: 215-851-1420
                                          wmcnichol@reedsmith.com
                                          rprather@reedsmith.com

                                          *Attorneys for Plaintiff Lumetrics, Inc.*

13147581

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ..........................................................................................................1

II.   THE APPLICABLE LAW .............................................................................................2

     A.   Motion to Dismiss ...............................................................................................2

     B.   Claims of Copyright Infringement ......................................................................2

          1.   Pleading that the Defendant Copied ..........................................................2

          2.   Pleading that the Defendant Copied Protectable Elements of the Copyrighted Work ......................................................................................3

III.  THE ALLEGATIONS IN THE COMPLAINT .............................................................5

IV.   BLALOCK'S FLAWED ARGUMENTS ABOUT THE COMPLAINT ......................7

V.    CONCLUSION ............................................................................................................10

i

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Arica Institute, Inc. v. Palmer,*
    970 F.2d 1067 (2d Cir. 1992)...........................................................................................3

*Arnstein v. Porter*,
    154 F.2d 464 (2d Cir. 1946).............................................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................2

*Atari, Inc. v. North American Phillips Consumer Elecs. Corp.*,
    672 F.2d 607 (7th Cir. 1982) ....................................................................................3, 4, 9

*Broughel v. Battery Conservancy*,
    No. 07 CV 7755, 2010 U.S. Dist. LEXIS 25496 (S.D.N.Y. Mar. 16, 2010).......................8

*Computer Assocs. Int'l., Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992)....................................................................................2, 4, 7

*Eckes v. Card Prices Update*,
    736 F.2d 859 (2d Cir. 1984).............................................................................................2

*Island Software and Computer Serv., Inc. v. Microsoft Corp.,*
    413 F.3d 257 (2d Cir. 2005).............................................................................................4

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003)...............................................................................................3

*Kelly-Brown v. Winfrey*,
    717 F.3d 295 (2d Cir. 2013).............................................................................................2

*Nichols v. Universal Pictures Corp.*,
    45 F.2d 119 (2d Cir. 1930).................................................................................3, 4, 7, 8, 9

*Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*,
    558 F.2d 1090 (2d Cir. 1977)...........................................................................................3

*Peter F. Gaito Architecture v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)...........................................................................................8, 9

## TABLE OF AUTHORITIES CONTINUED

**PAGE**

*Reed Elsevier, Inc. v. Muchnick*,
    130 S. Ct. 1237 (2010) ...................................................................................5

*Ritani LLC v. Aghjayan*,
    880 F. Supp. 2d 425 (S.D.N.Y. 2012) ...........................................................8, 9

*Scholz Design, Inc. v. Sard Custom Homes, LLC,*
    691 F.3d 182 (2d Cir. 2012) ....................................................................4, 6, 9

*Stromback v. New Line Cinema*,
    384 F.3d 283 (6th Cir. 2004) ..........................................................................3

*Tiberio v. Allergy Asthma Immunology of Rochester*,
    664 F.3d 35 (2d Cir. 2011) .............................................................................2

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*,
    210 F. Supp. 2d 147 (E.D.N.Y. 2002) ............................................................2

**STATUTES AND RULES**

17 U.S.C. § 106(1) ..................................................................................................3, 4, 6

17 U.S.C. § 106(2) .....................................................................................................3, 4

17 U.S.C. § 106(3) .....................................................................................................7, 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................1, 2

Plaintiff Lumetrics, Inc. ("Lumetrics") respectfully submits this Opposition to Defendant Todd Blalock's ("Blalock") Motion to Dismiss.

## I.   INTRODUCTION

This is a copyright infringement action against Todd Blalock, a faithless former employee and officer of Lumetrics.

Defendant Blalock has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint ("Compl."). Blalock's brief in support of his motion is most notable for what it does not contest:

- Blalock does not contest the allegations in the Complaint that he made and took with him an unauthorized, bootleg copy of the Copyrighted Software at the time that he left Lumetrics. (Compl. at ¶ 26 and Compl., Exh. B (Affidavit of Glen Hallit ("Hallit Aff.") at ¶ 7.)

- Blalock does not contest the allegations in the Complaint that he told Mr. Glenn Hallit that he made and took an unauthorized copy of the Copyrighted Software. (Compl. at ¶ 26 and Hallit Aff. at ¶ 7.)

- Blalock does not contest the allegations in the Complaint that he told Mr. Hallit that he intended to use the unauthorized, bootleg copy of the Copyrighted Software in interferometric measuring devices that he proposed to sell in competition with Lumetrics. (Compl. at ¶¶ 26, 28 and Hallit Aff. at ¶ 9).

- Blalock does not contest the allegations in the Complaint that he showed to Mr. Hallit a room in his house that he had given over to use as a workshop where he used a copy of the Copyrighted Software in an optical interferometer that he was building. (Compl. at ¶ 28 and Hallit Aff. at ¶ 10.)

- Indeed, Blalock's brief even acknowledges the existence of the device that used the Copyrighted Software – his "prototype" device. (Def's Mem. at pp. 2, 3, 5)

These facts are legally sufficient to state a claim for copyright infringement. Blalock's brief in support of his motion is largely an attack on a red-herring argument that does not appear in the Complaint. Blalock's motion to dismiss the Complaint must be denied.

1

## II. THE APPLICABLE LAW

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *Kelly-Brown v. Winfrey*, 717 F.3d 295, 304 (2d Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). All factual allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36 (2d Cir. 2011).

### B. Claims of Copyright Infringement

It is settled law that "[i]n any suit for copyright infringement, the plaintiff must establish its ownership of a valid copyright, and that the defendant copied the copyrighted work." *Computer Assocs. Int'l., Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir. 1992). A complaint in a copyright case must adequately plead these two points.

#### 1. Pleading that the Defendant Copied

In this Circuit, a plaintiff's allegations of the copying element may be supported "either by direct evidence *or*, as is most often the case, by showing that (1) the defendant had access to the plaintiff's copyrighted work and (2) the defendant's work is substantially similar to the plaintiff's copyrightable material." *Id.* (emphasis added). *See also, Eckes v. Card Prices Update*, 736 F.2d 859, 863 (2d Cir. 1984).

Pleading direct evidence of copying "such as by defendant's admission or by an eyewitness account" is sufficient. *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 159 (E.D.N.Y. 2002) (Weinstein, J); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946). However, the Second Circuit has recognized that, because most copyright infringers are

2

careful to operate covertly, direct evidence of copying is rarely available. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003); *Arica Institute, Inc. v. Palmer,* 970 F.2d 1067, 1072 (2d Cir. 1992); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp*., 558 F.2d 1090, 1092 (2d Cir. 1977).  Other circuits are in accord.  *See, e.g., Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004); *Atari, Inc. v. North American Phillips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982).  Thus, in most copyright infringement cases – those that lack an admission by the defendant, or an eyewitness account – copyright plaintiffs resort to pleading and proving the act of copying indirectly by the "access and similarity" test.

### 2. Pleading that the Defendant Copied Protectable Elements of the Copyrighted Work

The Second Circuit has also recognized that, no matter how copying is proven, copying can take either of two forms:  (1) literal reproductions, sometimes called "bootleg copies," or (2) non-literal copies, also known as "derivative works."[1]  This principle was summarized by Judge Learned Hand in *Nichols v. Universal Pictures Corp*., 45 F.2d 119, 121 (2d Cir. 1930):  "It is of course essential to any protection of literary property, whether at common-law or under the statute, that the right cannot be limited literally to the text, else a plagiarist would escape by immaterial variations.  That has never been the law, but as soon as literal appropriation ceases to be the test, the whole matter is necessarily at large…. Then the question is whether the part so taken is 'substantial' …."

Learned Hand's classic explanation in *Nichols* of how courts determine whether a non-literal copy is similar enough to the copyrighted work to constitute an infringement of the copyright owner's rights remains the law in this Circuit.  In 1992, *Nichols* was relied upon by the

---

[1] These two categories of copyright infringement parallel two of the exclusive rights of copyright owners under the Copyright Act: the right under § 106(1) to "reproduce the copyrighted work in copies," and the right under § 106(2) to "prepare derivative works based upon the copyrighted work."

3

Second Circuit in *Computer Associates* when it formulated its rule for how the substantial similarity analysis (now applied under § 106(2) of the 1976 Copyright Act) is conducted in a case where the copyright owner alleged that the defendant made *non-literal* copies of computer programs. *See Computer Assocs.*, 982 F.2d at 701-12.

Courts have pointed out that the substantial similarity analysis under *Nichols* and its progeny applies only to cases of *non-literal copying* – *i.e.*, "When the alleged infringing work is not a duplicate of the copyrighted work…." *Atari*, 672 F.2d at 614 n.6. Thus, the Second Circuit has not engaged in a *Nichols*-type similarity analysis in cases of bootleg software, such as where Island Software sold bootleg copies of Microsoft Windows and Microsoft Office (*Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005)) or when the defendant made photocopies of architectural drawings (*Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012)). In *Scholz*, where the copyright owner had alleged that it owned the copyright in the original architectural drawings, and that the infringer had made direct copies of the architectural drawings, the Second Circuit refrained from a similarity analysis, holding:

> We see this, then, as a straightforward case of copyright infringement. The plaintiff created original drawings which were properly registered with the copyright office. The defendants allegedly used exact copies of those drawings without permission. Nothing more is required in order to state a claim for copyright infringement.[2]

*Scholz*, 691 F.3d at 192 (emphasis omitted).

---

[2] This result in cases that are not based on allegations of non-literal copying makes intuitive, as well as legal sense. Where the infringer's copy is literal, the resemblance to the original work is beyond similar. They are simply reproductions of the original copyrighted work. 17 U.S.C. § 106(1).

4

### III.  THE ALLEGATIONS IN THE COMPLAINT

Blalock does not dispute that Lumetrics has pled ownership of valid copyrights.[3]  Blalock focuses on the sufficiency of Lumetrics' pleading of copying.

The Complaint identifies several specific works as the Copyrighted Software.  (Compl. at ¶¶ 11, 14, & 16 and Ex. A).  The Complaint avers that Lumetrics owns the copyright to the Copyrighted Software.  (Compl. at ¶ 18.)

The Complaint alleges that Blalock left the employment of Lumetrics, and for some time thereafter, engaged in a course of conduct that repeatedly violated the copyrights of Lumetrics.  Blalock volunteered to Mr. Hallit a great deal of information concerning his misconduct.  Mr. Hallit's sworn affidavit, which is an exhibit to the Complaint, supports the allegations in the Complaint.  The Complaint alleges that Blalock made and took bootleg copies of the Copyrighted Software (Compl. at ¶¶ 25-26), and that he later told Mr. Hallit that he had done so.  *Id.*  The Complaint also alleges that Blalock told Mr. Hallit that he intended to use his bootleg copies of the Copyrighted Software in interferometric measuring devices to sell in competition with Lumetrics.  (Compl. at ¶¶ 26, 28.)  The Complaint alleges that Blalock built at least one of these devices using the Copyrighted Software in a workshop in his home and invited Mr. Hallit to his home, where Blalock showed Mr. Hallit a room Blalock was using as a workshop for using the Copyrighted Software to make an optical interferometer to compete with Lumetrics.  (Compl. at ¶ 28.)

---

[3] Lumetrics has filed for registrations for all of the copyrights asserted in the Complaint, but registration numbers for certain copyrights are still pending.  Though there is currently conflicting case law regarding whether registration of all of the copyrights is required (*see Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010)), in an effort to move this case forward, Lumetrics will withdraw the unregistered copyrights from the case reserving the right to add them once the registrations are received.  Lumetrics' copyright claim survives based on the registered copyrights alone.

The Complaint does not allege that Blalock modified, revised, or altered the Copyrighted Software when he took his bootleg copy of the Copyrighted Software from Lumetrics, or when he made his prototype device. Rather, the Complaint alleges that Blalock planned to and did use the Copyrighted Software to make his prototype. (Compl. at ¶¶ 25-26, 28-29.) Indeed, the Complaint alleges that Blalock *couldn't* have done software development in that short a time. (Compl. at ¶ 30.)

These allegations in the Complaint are sufficient to state a claim for a violation of Lumetrics' rights under § 106(1) of the Copyright Act (unauthorized reproduction of the copyrighted work in copies). Lumetrics' claim is based on undisputed direct evidence of copying supported by an affidavit that details Blalock's own statements, Blalock's own text messages, and Hallit's eyewitness observations. The Complaint states a claim without alleging that Blalock did anything other than secretly make unauthorized, bootleg copies of the Copyrighted Software, walk out the door of Lumetrics' offices with those copies, and put further unauthorized copies of the Copyrighted Software in his prototype device.

Because the Complaint's allegations that literal copying occurred are based on direct evidence of Blalock's copying of the Copyrighted Software at the time he left Lumetrics, the Complaint does not need to allege proof of copying using the alternate "access and similarity" method. *See Scholz*, 691 F.3d at 186.

Because the Complaint alleges that Blalock copied the Copyrighted Software when he left Lumetrics (not that he modified the Copyrighted Software as he walked out of Lumetrics' offices) and because the Complaint alleges that Blalock put the Copyrighted Software in his prototype device (not that he put a modified version of the Copyrighted Software in his prototype device), the Complaint does not have to allege that Blalock's modifications resulted in software

6

that is substantially similar to the Copyrighted Software under the *Nichols* or *Computer Associates* analysis.[4]

Similarly, the allegations in the Complaint are more than adequate to state a claim against Blalock for a violation of Lumetrics' rights under § 106(3) of the Copyright Act (unauthorized distribution of Copyrighted Software). These allegations are founded on direct evidence in the form of (1) Blalock's own statements that he planned to use the Copyrighted Software (*not* statements that he intended to use modified versions of the Copyrighted Software) in devices that he would distribute (Compl. at ¶¶ 26, 30), and (2) Hallit's eyewitness observation of concrete steps that Blalock took to carry out that plan. *Id.* at ¶ 30.

## IV.     BLALOCK'S FLAWED ARGUMENTS ABOUT THE COMPLAINT

Much of Blalock's argument seems to be directed to an imaginary complaint that he wishes Lumetrics had filed against Bristol.

This case is about Mr. Blalock and his actions. Blalock made unauthorized bootleg copies of Lumetrics' Copyrighted Software. Blalock told Mr. Hallit of his intention to put copies of Lumetrics' Copyrighted Software in devices that he would sell/distribute. Blalock showed Mr. Hallit the output from a functioning prototype device with the Copyrighted Software – an illegal copying of the Copyrighted Software, and a concrete step by Blalock in his stated plan to distribute devices containing the Copyrighted Software. These are the wrongful acts for which Blalock must be held to account.

---

[4] Perhaps Blalock will try to defend his actions by arguing that the allegations of the Complaint are incorrect and that he has so greatly modified the Copyrighted Software that it no longer retains substantial similarity to the Copyrighted Software that he took from Lumetrics. If he does so, the parties will have to join issue over that defense. However, the mere possibility that Blalock might raise such a defense does not affect the sufficiency of the allegations of the Complaint, which at this stage must be accepted as true.

Blalock argues that Lumetrics' Complaint must explain why the software that Bristol Laboratories uses in its 157 Series devices is similar to the Copyrighted Software, and that failing to do so is fatal to Lumetrics' claim. This might possibly have some relevance to claims against Bristol, if this were an action against Bristol. It is irrelevant to the wrongfulness of Blalock's actions, as pled in the Complaint.[5]

Blalock's choice of case law upon which to rely is similarly infected with wishful thinking about what the Complaint alleges.

Blalock cites *Ritani LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012), for the proposition that *all* copyright plaintiffs must allege *Nichols*-type substantial similarity between the copyrighted works and the defendant's work, also citing *Peter F. Gaito Architecture v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010), to the same effect. Neither case applies here.[6]

Both of these cases are non-literal copying cases. In *Ritani*, the copyright owner conceded that the defendant had modified the copyrighted works (they were "tweaked") but the copyright owner failed to make any averments of *Nichols*-type substantial similarity. *Ritani*, 880 F. Supp. 2d at 443. In *Gaito*, the copyright owner, an architect, alleged that the defendant took the plaintiff's copyrighted plans for an architectural project and hired another architect to make a

---

[5] Discovery will reveal the extent of Blalock's unauthorized distribution of the Copyrighted Software to third parties, including Bristol Laboratories. Blalock will be liable for each of his acts of unauthorized distribution in violation of Lumetrics' rights under § 106(3) of the Copyright Act. Whether the third parties to whom Blalock distributed the Copyrighted Software in turn further violated Lumetrics copyrights is an issue for another day, if ever.

[6] Blalock's reliance on the unpublished decision in *Broughel v. Battery Conservancy*, No. 07 CV 7755, 2010 U.S. Dist. LEXIS 25496 (S.D.N.Y. Mar. 16, 2010), is similarly misplaced. The plaintiff in *Broughel* alleged that the defendant's work was similar to the copyrighted work, but never identified or explained the alleged similarities. *Broughel* did not involve a faithless former employee who walked out of his employer's offices with a bootleg copy of his employer's copyrighted software.

8

"'re-design' for the project," but the plaintiff failed to make any averments of *Nichols*-type substantial similarity between the copyrighted plans and the re-designed plans. *Gaito,* 602 F.3d at 60.

On their facts, *Ritani* and *Gaito* are completely consistent with the larger body of Second Circuit law concerning non-literal copying, and the rule that they apply is fully applicable to all cases of non-literal copying. *Ritani* and *Gaito* do not purport to hold that all copyright cases must be treated as cases of non-literal copying. They certainly do not purport to overrule the large body of Second Circuit cases holding that a *Nichols*-type substantial similarity analysis is required "when the alleged infringing work is not a duplicate of the copyrighted work…" (*Atari*, 672 F.2d at 614 n.6), or to overrule Second Circuit cases holding that when the copyright owner has alleged that it owns the copyright in the original work, and that the infringer had made direct copies of the work, "[n]othing more is required for a copyright claim." *Scholz*, 691 F.3d at 186.

If Lumetrics had alleged, as in the manner of the plaintiffs in *Ritani* and *Gaito,* that Blalock had modified the Copyrighted Software as he walked out of Lumetrics' offices, then Lumetrics would also have had to allege that the modified software was substantially similar to the original Copyrighted Software. However, Lumetrics has not alleged that Blalock made any modifications to the Copyrighted Software. (For now, Lumetrics has no reason to believe that Blalock made any modifications, or that he even had time to do so by the time that he showed his workshop and the output of the prototype device to Mr. Hallit. He simply made and took bootleg copies, and then bragged about it to Mr. Hallit.) Thus, the rule applied to the allegations of non-literal copying in *Ritani* and *Gaito* has no place here.

9

## V.  CONCLUSION

For the foregoing reasons, Lumetrics, Inc. respectfully requests that the Court deny Defendant Todd Blalock's Motion to Dismiss.

Dated:  May 19, 2014

**LECLAIRRYAN, A Professional Corporation**

*Attorneys for Plaintiff Lumetrics, Inc.*

By:     s/Andrew P. Zappia
          Andrew P. Zappia
          Richard A. McGuirk
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel:  (585) 270-2100
Fax: (585) 270-2179
Andrew.Zappia@leclairryan.com
Richard.McGuirk@leclairryan.com

Of Counsel:
William J. McNichol, Jr.
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 241-7950
Fax: (215) 851-1420
wmcnichol@reedsmith.com